UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

      v.                      :            25-CR-075 (RBW)

CHARLES WASHINGTON    :

**MOTION TO DISMISS**

      Mr. Charles Washington, through undersigned counsel, respectfully moves this Honorable Court to dismiss the Indictment, ECF 8, charging one count of a violation of 18 U.S.C. § 922(g). Section 922(g) prohibits any person with a past felony conviction from possessing any firearm or ammunition. That law violates the Second Amendment to the United States Constitution, which codifies "the right of the people to keep and bear Arms," both facially and as applied to Mr. Boyd.  In *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022), the Supreme Court upended the framework for evaluating the constitutionality of firearm regulations. Now, if "the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Id*. at 2129-30.  To rebut the presumption, the government must show that a challenged law "is consistent with the Nation's historical traditions of firearm regulation." *Id*. This test is demanding. A firearm regulation is consistent with American tradition only if similar regulations were widespread and commonly accepted in the founding era, when the Second Amendment was adopted. *See id*. at 2131. Both facially and as applied to Mr. Boyd, § 922(g)(1) cannot survive after *Bruen*. Mr. Boyd's prior felony offenses, as charges in the Indictment, were for D.C. Code offenses related to the possession of a firearm, a prior § 922(g) conviction in Maryland, and an unarmed carjacking conviction under the D.C. Code.

This Court has denied similar motions to dismiss based on *Bruen* in at least two other matters. *See United States v. Alonte Wilkinson*, 24-cr-058 (RBW) and *United States v. Rodney Baggott*, 24-cr-127 (RBW). In those matters, the Court relied on the D.C. Circuit's decision in *Medina v. Whitaker*, 913 F.3d 152, 160 (D.C. Cir. 2019). Recognizing that the Court previously determined that it is bound by that decision, undersigned counsel concedes that the government need not respond to this motion here and that the motion will be denied. Counsel submits the motions simply to preserve the issue before entering a guilty plea to the charged offense. In preserving his Second Amendment rights, Mr. Boyd respectfully adopts all of the arguments made in *United States v. Richardson*, Case No. 24-3151 (D.C. Cir.), and *United States v. Byrd*, 24-3048 (D.C. Cir.), which are now pending before the D.C. Circuit.

        Respectfully submitted,

        A. J. KRAMER
        FEDERAL PUBLIC DEFENDER

           /s/
        _____
        MARY MANNING PETRAS
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W., Suite 550
        Washington, D.C.  20004
        (202) 208-7500